UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HAKIMAH JABBAR,

    Plaintiff,

v.

UNITED STATES PROBATION
OFFICE FOR THE SOUTHERN
DISTRICT OF OHIO,

    Defendant.

CASE NO. 2:20-CV-06105
JUDGE SARAH D. MORRISON
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff Hakimah Jabbar initiated this action against the United States Department of Probation in the Franklin County, Ohio Municipal Court alleging that "the Defendant failed to comply with a tendered writ of habeas corpus. The Plaintiff seek[s] relief for travel expenses in the amount of [$]1,117.00." (ECF No. 2). The U.S. Probation Office promptly removed the action. (ECF No. 1).

Following removal, Ms. Jabbar filed a Motion for Injunctive Relief. (ECF No. 5). The U.S. Probation Office opposed that motion (ECF No. 6) and, on the same day, filed a Motion to Dismiss. (ECF No. 7). Ms. Jabbar then filed a Motion for Immediate Issuance of Warrant of Replevin and for Preliminary Injunction, which the Court construes as her opposition to the Motion to Dismiss. (ECF No. 14). The U.S. Probation Office filed a reply in support of its Motion (ECF No. 16) followed by Ms. Jabbar filing a Response to Reply in Support of Motion to Dismiss. (ECF No. 17). The motions are ripe and ready for decision.

1

I. ANALYSIS

The U.S. Probation Office's Motion to Dismiss is dispositive so the Court begins with that Motion. Defendant has moved to dismiss the Complaint arguing that the Court is without subject matter jurisdiction over the claims against it due to sovereign immunity.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction, in which case no presumptive truthfulness applies to the factual allegations. *Ritchie*, 15 F.3d at 598. In the context of a factual attack, a reviewing court may weigh the evidence in order to satisfy itself as to the existence of its power to hear the case. *Id.* Defendant makes a facial attack here.

In this case, the Defendant is the United States Probation Office for the Southern District of Ohio. "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) (citations omitted). Indeed, it is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also Reed v. Reno,* 146 F.3d 392, 398 (6th Cir.1998) ("The United States can be sued only when it has expressly given its consent to be sued.") (internal quotation marks and citation omitted).

Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)); *Reed,* 146 F.3d at 398 (waiver must be "express, clear and unequivocal"). Thus, absent an express waiver of sovereign immunity, a district court lacks jurisdiction over claims against the United States. *See Humphrey v. United States Prob. Dep't*, No. 99-5252, 2000 U.S. App. LEXIS 15578, at *6 (6th Cir. June 23, 2000) (U.S. Probation Office protected by sovereign immunity); *Zeeman v. United States Court Dist. of Haw. Prob. Office*, No. CV 14-00328 RSWL, 2016 U.S. Dist. LEXIS 51498, at *9 (D. Haw. Apr. 18, 2016) (U.S. Probation Office protected by sovereign immunity). It is Plaintiff's burden to "identify a waiver of sovereign immunity in order to proceed against the

United States. If [she] cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. United States,* 224 F.3d 794, 795 (6th Cir. 2000).

Here, Plaintiff has not identified any waiver of sovereign immunity by the U.S. Probation Office. Consequently, her complaint must be dismissed for lack of subject matter jurisdiction. Thus, the Court **GRANTS** Defendant's Motion to Dismiss.

## II. CONCLUSION

For the reasons set forth above, Defendant U.S. Probation Office's Motion to Dismiss is **GRANTED**. The Complaint is hereby **DISMISSED**. The Clerk is hereby directed to terminate this case and all pending motions.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison

**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**